The opinion of the court was pronounced by
Rost, J.
The plaintiff, as trustee of the Commercial Bank of Natchez, seeks to subject certain properly in the possession of the defendant, to a judicial mortgage, duly recorded, in the parish of Concordia, where the property is situated, against Allen J. Bowen, the former owner of the property. There was judgment in his favor, and the defendant appealed.
This case presents a naked question of registry.
The mortgage under which the defendant acquired the property bears date the 26th day of June, 1837, and was recorded at t'he time of its date in the book of notarial acts. It is admitted, that from the 22d of May, 1837, to the 15th of May, 1845, there was kept by the parish judge of the parish of Concordia, one set of books distinct from the notarial record, which was called the mortgage record, and marked “mortgage record,” and that all conventional and judicial mortgages were recorded therein. The judgment under which the plaintiff claims, was recorded in the current book of mortgages, 24th of December, 1840. The mortgage under which the defendant claiins, was not recorded in it till the 24th of 'February, 1841.
The existence of a separate book for the recording of mortgages, in the parish of Concordia, after 1837, was first brought to our notice in the case of Ells v. Sims, 2d Ann. 253, and we then held, that after the opening of that book, the privilege claimed had not preserved its rank, by being recorded in the book of conveyances.
The same principle was reviewed and re-affirmed, in the case of Parrot v. Chambers, 2 Ann. 801; we hold it to be a necessary deduction from our registry laws. It is urged in behalf of the defendants, that all acts, whether containing mortgages or not, were recorded in the book of conveyances; that by universal consent, the book had become the registry book; and that as it is proved, that it was not closed till the 24th of August, 1837, the fact that a mortgage record had been opened thirty days previous to the registry relied on by the defendants, does not alter the case.
As long as there was but one set of books kept, the recording of mortgages in those books was valid; but it ceased to be so when a distinct mortgage record was established. After that time, the former record remained open for the registry of conveyances only, and no valid inscription of a mortgage could be made in it.
*155 It is further urged, that the Civil Code expressly requires two separate sets of books: one for conventional, and the other for judicial mortgages; and that, as both classes of mortgages were at that time recorded in the same book, in the parish of Concordia, the registry of the plaintiff’s mortgage is defective, and gives him no priority. For the reasons which induced us to hold the registry in the book of conveyances to be valid, when no mortgage record had been kept, we must sustain the validity of a registry thus made. The articles of the code relied on, are directory to the recorders of mortgages, and should not receive a construction that would defeat the operation of the registry laws.
Judgment affirmed, with costs.